UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS STEVE HARRIS
CHARNOCK,

    Plaintiff,

v.                                      CASE NO.  8:12-MC-141-T-17TGW

STATE OF FLORIDA and
U.S. GOVERNMENT,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 1    Motion to Release and Transport From Florida State Prison to Pinellas County Jail, 14400 49th Street North, Clearwater, Florida 33762

This case is a petition by Thomas Steve Harris Charnock (a/k/a Thomas Stephen Harris) to the United States Supreme Court and the U.S. District Court for an order directing the U.S. Supreme Court to direct the U.S. District Court and Secretary of Florida Department of Corrections and Sheriff Jim Coats to produce Thomas Steve Harris, DC # C-071281, who is presently incarcerated in Raiford, Florida, to the Pinellas County Jail in Clearwater, Florida.  The Motion alleges that Thomas Steve Harris is presently being illegally detained and incarcerated.

Plaintiff attaches an exhibit to the Motion which includes:  a copy of the brief filed in his appeal; a copy of a newspaper article which mentions Anthony Sabino; a copy of a settlement agreement between Robert Charnock and Thomas Stephen Harris; a letter referring to a blood test; a letter which refers to Thomas Steven Harris's weight loss;

Case no. 8:12-MC-141-T-17TGW

Plaintiff's request for administrative remedy or appeal dated October 7, 2012, the denial of Plaintiff's Grievance dated October 19, 2012, and notifying Thomas Stephen Harris of the availability of further administrative remedy or appeal to the Bureau of Inmate Grievances, the denial of an administrative appeal dated October 11, 2012, a copy of a newspaper article entitled "Hubbard family sells John's Pass properties" which requests a call of his former counsel, [Anne] Borghetti, and a request to send the U.S. Marshal, with a note offering to do the rest of the "illegal sentence" on probation; Plaintiff's request for administrative remedy or appeal dated September 10, 2012; the denial of an administrative appeal dated September 25, 2012; Plaintiff's request for administrative remedy or appeal dated September 11, 2012; Florida Department of Corrections Charging Report dated August 27, 2012; a document entitled "60 Seconds"; a Notice of Appeal in Case No. CRC02-2242CFANO as to Plaintiff's alleged illegal 15 year sentence, dated September 15, 2006; a letter from the Eleventh Circuit Court of Appeals dated September 21, 2006, returning Plaintiff's Notice of Appeal to Plaintiff; a letter dated February 13, 2003, in which the Office of the Public Defender for the Sixth Judicial Circuit of Florida withdraws from representation, and notifying Plaintiff of appointment of a private attorney (Anne Borghetti); a copy of the order of the Second District Court of appeal affirming the trial court; a letter from the Clerk of Court of the Second District Court of Appeal; a letter from the Clerk of the Supreme Court of the United States dated July 10, 2012, returning Plaintiff's petition for a writ of habeas corpus; Florida Department of Corrections Charging Report dated August 30, 2012; Plaintiff's request for administrative remedy or appeal dated September 15, 2012; the denial of Plaintiff's administrative appeal dated September 21, 2012; Plaintiff's request for administrative remedy or appeal dated September 26, 2012; the denial of Plaintiff's administrative appeal dated October 10, 2012; Plaintiff's request for administrative remedy or appeal dated September 17, 2012; the denial of Plaintiff's administrative appeal dated September 21, 2012; Plaintiff's request for administrative remedy or appeal dated September 25, 2012; the denial of Plaintiff's administrative appeal dated October 11, 2012; Plaintiff's request for administrative remedy or appeal dated

Case no. 8:12-MC-141-T-17TGW

September 12, 2012; the denial of Plaintiff's administrative appeal dated October 15, 2012; an article entitled "Fifty-one deaths."

It is not clear to the Court why Plaintiff has named the U.S. Government as a defendant in this matter.

Plaintiff's Motion references Case No. CRC02-22242CFANO, Pinellas County Circuit Court.  The Court takes judicial notice of the docket for that case.  The docket reflects that Thomas Stephen Harris, who was represented by counsel,  entered a plea of not guilty and proceeded to trial, which was conducted on July 1, 2003.  A verdict of guilty was entered after the trial.  The docket reflects that Thomas Stephen Harris was sentenced as a habitual offender.  On September 15, 2003, Thomas Stephen Harris was sentenced to fifteen years of incarceration.  Thomas Stephen Harris sought reconsideration of his sentence, which was denied.  Thomas Stephen Harris appealed to the Second District Court of Appeal; a mandate affirming was entered on 11/1/2004.  In 2004, and 2005, Thomas Stephen Harris filed  pro se motions to correct illegal sentence, which the Circuit Court denied.   Thomas Stephen Harris's appeal of the denial was dismissed on October 13, 2006.   In 2005, 2006, 2007, 2008, 2009, 2010, 2011 and 2012, Thomas Stephen Harris further filed various  motions to transport, motions for post conviction relief, and petitions for writ of habeas corpus, which the Circuit Court denied and dismissed.  On appeal, the Second District Court of Appeal affirmed the disposition.

Plaintiff seeks release on bond until a hearing is held in this Court.  By Plaintiff's discussion of a hearing to determine lost wages, the structure of a civil settlement, "Workmans Comp. and SSI checks," and the Plaintiff's discussion of how soon Plaintiff can have "his stuff back" (Yachts, cars, trucks, Boston Whaler, Harley), and a hearing on Plaintiff's status and positions at Salt Rock Grill and Island Way Grill, the Court understands that Plaintiff is seeking damages from Defendants, perhaps to the limit of

Case no. 8:12-MC-141-T-17TGW

4.5 billion dollars. (Dkt. 1, p. 3).  Plaintiff's Motion refers to a "new and revised $960,000,000 Federal Habe."

The Motion states:

> "...I want oral arguments made in either U.S. District Court or USSC Wash DC for a "Show Cause Hearing."  As to why?  And for what reason?  I am still being illegally and unlawfully detained in a state prison for....These people already want FSP closed down completely and its 1500 inmates are really tired of the bullshit 75% black or 80% black 25% white + Hispanic.  The food is the worst and unsanitary, unhealthy, cold food all the time.  No competent medical staff at FSP."

To the extent that Plaintiff seeks release from incarceration, Plaintiff must pursue relief under 28 U.S.C. Sec. 2254.  An individual seeking to challenge his conviction or confinement files a "petition for writ of habeas corpus" pursuant to Sec. 2254.  Claims challenging the fact of conviction or duration of sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. Sec. 1983.  <u>Nelson v. Campbell</u>; 541 U.S. 637 (2004); <u>Cook v. Baker</u>, 139 Fed. Appx. 167 (11th Cir. 2005).  The Court notifies Plaintiff that forms for a Sec. 2254 petition and forms for a Sec. 1983 civil rights action are available on the Court's website, www. flmd.uscourts.gov.

After consideration, the Court **denies** the Motion to Release and Transport without prejudice, and notifies Plaintiff that any challenge to Plaintiff's conviction or confinement must be brought in a Sec. 2254 petition, and any constitutional challenge to the conditions of Plaintiff's confinement must be brought in a civil rights action under 42 U.S.C. Sec. 1983.  The Court urges Plaintiff to obtain the appropriate forms from the Clerk of Court or by accessing the Court's website.  Accordingly, it is

Case no. 8:12-MC-141-T-17TGW

**ORDERED** that Plaintiff's Motion to Release and Transport is **denied** without prejudice, and Plaintiff shall pursue Plaintiff's claims by submitting the appropriate forms to the Clerk of Court for each separate civil case. The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 8th day of November, 2012.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:

All parties and counsel of record